THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEN KIDO, as attorney in fact and trustee for MOMOKO KIDO,<br><br>Plaintiff,<br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, a foreign corporation organized under the laws of the State of Iowa,<br><br>Defendant. | CASE NO. C19-1858-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff alleges that his mother was denied long-term care benefits for her stay in an assisted living facility. (Dkt. No. 1-4 at 3–4.) On October 17, 2019, Plaintiff filed an amended complaint in King County Superior Court, asserting claims for breach of contract, bad faith, and breach of the implied covenant of good faith and fair dealing. (*Id.* at 6–8.) Plaintiff seeks compensatory damages, attorney fees, prejudgment interest, exemplary damages, and declaratory relief (*Id.* at 8.) Plaintiff's amended complaint does not specify an amount in controversy. (*Id.*)

ORDER
C19-1858-JCC
PAGE - 1

On November 15, 2019, Defendant removed this action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 1 at 4.) Defendant's removal notice alleges that Defendant is a citizen of Iowa and Plaintiff is a citizen of Washington and thus there is complete diversity of citizenship. (*Id.* at 2.) Defendant's removal notice further alleges that Plaintiff's claims exceed $75,000. (*Id.* at 4.) Plaintiff now moves to remand on the ground that the amount in controversy requirement is not satisfied. (Dkt. No. 10 at 7–8.)

## II. DISCUSSION

### A. Legal Standard

A defendant in a civil action brought in state court may remove that action to federal court if the amount in controversy is greater than $75,000 and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1441(a), 1332(a). Once removed, the case can be remanded to state court for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). If the amount in controversy is unclear, the defendant must establish, "by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013). To determine the amount in controversy, courts consider the complaint and the removal petition, along with "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). There is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. Amount in Controversy

It is undisputed that complete diversity exists between the parties to this suit. (Dkt. No. 1-4 at 1.) The issue presented is thus whether the amount in controversy exceeds $75,000. The amount in controversy may include not just actual damages, but also statutorily authorized treble damages and attorney fees. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that a court must take into account the availability of treble damages);

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that statutorily authorized attorney fees must be included in the amount in controversy).

### 1. Treble Damages

Defendant alleges that Plaintiff is implicitly seeking treble damages under the Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("CPA"). But there is no ambiguity in Plaintiff's complaint—he has not alleged any violations of the IFCA or the CPA in this suit. (*See generally* Dkt. No. 1-4.) Defendant provide complaints from other cases litigated by Plaintiff's attorney against Defendant in which Plaintiff's attorney claimed violations of the IFCA and CPA. (Dkt. Nos. 12-1, 12-4, 12-5, 12-6.) Defendant argues that these past complaints show that Plaintiff intends to seek IFCA and CPA claims in the future and he will therefore be eligible for treble damages. (Dkt. No. 11 at 12–14.) But Defendant's argument is unsupported—and the past complaints show that when Plaintiff's attorney intends to seek treble damages under the IFCA or the CPA, he explicitly does so in the complaint. (*See* Dkt. Nos. 12-1, 12-4, 12-5, 12-6.)

Further, "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789 (9th Cir. 2018) (internal quotations omitted). If Plaintiff were to amend the complaint to include an IFCA or CPA claim, resulting in an amount in controversy greater than $75,000, Defendant would have the opportunity to remove the case to federal court within 30 days of receiving notice of that amendment. *See id.* at 788. Treble damages thus cannot be included in the amount in controversy in this case.

### 2. Attorney Fees

Defendant next argues that (1) if Plaintiff prevails, he will be entitled to attorney fees under Washington common law, (2) Plaintiff's future attorney fees should be factored in to the amount in controversy and, (3) if they are factored in, Plaintiff's claim exceeds $75,000.

a. *Recovery of Attorney Fees*

In Washington, "attorney fees are not recoverable by the prevailing party as costs of litigation unless the recovery of such fees is permitted by contract, statute, or some recognized ground in equity." *McGreevy v. Or. Mut. Ins. Co.*, 904 P.2d 735 n.8 (Wash. 1995). Under the *Olympic Steamship* doctrine, "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract." *Olympic S.S.*, 811 P.2d 673, 681 (Wash. 1991). *Olympic Steamship* allows for the recovery of attorney fees if the dispute is over whether there is coverage, but not if the dispute is over the value of a claim. *See Dayton v. Farmers Ins. Grp.*, 876 P.2d 896, 898 (Wash. 1994). "Coverage disputes include both cases in which the issue of any coverage is disputed and cases in which 'the extent of the benefit provided by an insurance contract' is at issue." *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 295 (Wash. 1997) (quoting *McGreevy*, 904 P.2d at 735).

b. *Inclusion of Future Attorney Fees to Amount in Controversy*

"[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Prior to 2018, the Ninth Circuit had not decided whether future attorney fees could be factored in to the amount in controversy. In 2018, the court settled the issue, holding that "if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are "at stake" in the litigation.'" *Fritsch*, 899 F.3d at 793 (quoting *Chavez*, 888 F.3d at 418).

*Fritsch* has yet to be applied to a case where attorney fees are available under state common law. Although some parts of the *Fritsch* opinion contains language that seems to make the holding specific to attorney fees "under a contract or statute," *id.* at 788, the bulk of its analysis indicates the holding applies broadly, *id.* at 793. The Ninth Circuit used similarly specific language in holding that past attorney fees should be included in the amount in

controversy. *See, e.g.*, *Galt*, 142 F.3d at 1156 ("where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"). Lower courts in the Ninth Circuit have interpreted that language to apply broadly to include awards of attorney fees under common law in the amount in controversy. *See, e.g.*, *Zidell Marine Corp. v. Beneficial Fire and Cas. Ins. Co.*, Case No. C03-05131-RBL, Dkt. No. 223 at 10–11 (W.D. Wash. 2003); *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000). *Fritsch* provides no indication that common law fees should be treated any differently than those awarded under a statute or contract. *See Fritsch*, 899 F.3d at 794. Thus, Plaintiff's claim for attorney fees, both current and future, must be included in the amount in controversy.

       c.   *Calculating Attorney Fees*

In removal cases, district courts exercise discretion to evaluate whether defendants have met their burden and can "determine when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Fritsch*, 899 F.3d at 795. When evaluating requests for attorney fees, district courts employ a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).

It is undisputed in this case that Plaintiff's attorney's hourly rate is $425. (*See* Dkt. Nos. 11 at 16, 12 at 4, 12-7 at 3.) The Court shall assume for the purposes of this motion only that this is a reasonable hourly rate. Defendant argues that Plaintiff's attorney is expected to spend 250–400 hours working on this case. (Dkt. Nos. 11 at 16–17, 12 at 3.) To support its estimate, Defendant submitted a minute order and a declaration from a class action suit in which Plaintiff's attorney requested fees as sanctions. (Dkt. Nos. 12-7, 12-8.) Both documents showed that Plaintiff's attorney was awarded fees of just over $17,000—nowhere close to the $106,250

alleged by Defendant or even the approximately $45,000 required to satisfy the amount in controversy in this case. (Dkt. Nos. 12-7 at 56, 12-8 at 2.) Defense counsel also provided a declaration asserting that based on her experience in similar cases, she expected Plaintiff's attorney to spend 250 hours through discovery and dispositive motions and 400 hours through trial. (Dkt. No. 12 at 4–5.) Plaintiff's declaration, on the other hand, argues that he does not intend to spend more than 75 hours on this case. (Dkt. No. 17 at 3.) No other documents were provided by Defendant to support its estimate of future attorney fees of over $100,000.

Defendant has failed to meet its burden to demonstrate by a preponderance of the evidence that Plaintiff's attorney will spend the requisite number of hours to meet the amount in controversy requirement in this case. *See Urbino*, 726 F.3d at 1121–22.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 10) is GRANTED. The Clerk is DIRECTED to remand this case to King County Superior Court.

DATED this 28th day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE