THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEN KIDO, as attorney in fact and trustee for MOMOKO KIDO,<br><br>                         Plaintiff,<br>     v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>                         Defendant. | CASE NO. C19-1858-JCC<br><br>ORDER |

      This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 19) of the Court's order granting Plaintiff's motion to remand (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

      Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is appropriate only where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration are not the place for parties to make new arguments or to ask the Court to rethink what it has already thought. *Richard v. Kelsey*, Case No. C09-5253-FDB, Dkt. No. 31 at 2 (W.D. Wash. 2009).

      In its motion for reconsideration, Defendant seeks to relitigate the same argument it made

ORDER
C19-1858-JCC
PAGE - 1

in its response to Plaintiff's motion to remand—namely, that treble damages must be included in the amount in controversy because Plaintiff mentioned exemplary damages in his complaint. (Dkt. Nos. 11 at 11–14, 19 at 2–3.)

The amount in controversy "encompasses all relief a court may grant on th[e] complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). As explained in the previous order, Plaintiff in this case does not allege violations of the Consumer Protection Act ("CPA"), the Insurance Fair Conduct Act ("IFCA"), or any statute under which treble damages could be awarded. (*See* Dkt. No. 18 at 3.) The Court cannot imply claims under the CPA or the IFCA simply because Plaintiff asserts a common law bad faith claim. *See Turk v. United Services Auto Ass'n*, Case No. C14-5878-RBL, Dkt. No. 29 at 7 (W.D. Wash. 2014) ("If a plaintiff did not plead such a violation, but then sought punitive damages at trial, the defense attorney would vehemently and effectively pound the table, arguing that punitive damages were not in the case. They are not in this case, and they are not part of the calculus."). Consequently, the amount in controversy does not encompass treble damages because the Court could not grant treble damages if Plaintiff were victorious. Thus, Defendant neither demonstrates that the Court committed manifest error nor provides new facts or legal authority that would alter the Court's ruling. *See* W.D. Wash. Local Civ. R. 7(h)(1).

Defendant also requests that the Court require Plaintiff to file a binding stipulation that he will not accept a judgment over $75,000 in this action. (Dkt. No. 19 at 6.) The Court declines to limit Plaintiff's claims for damages. Should Plaintiff add an additional claim that brings the amount in controversy to more than $75,000, Defendant remains free to "file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789 (9th Cir. 2018) (internal quotations omitted).

For the foregoing reasons, Defendant's motion for reconsideration (Dkt. No. 19) is DENIED.

//

1     DATED this 10th day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE